COURT OF APPEALS
DECISION
DATED AND FILED

February 12, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP1200**

STATE OF WISCONSIN

Cir. Ct. No. **2023SC3738**

IN COURT OF APPEALS
DISTRICT II

MOUNT PLEASANT MANOR SENIOR HOUSING LIMITED PARTNERSHIP,

PLAINTIFF-RESPONDENT,

V.

MARY MACK,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Racine County: DAVID W. PAULSON, Judge. *Affirmed*.

¶1 GROGAN, J.[1] Mary Mack, pro so, appeals from a judgment of eviction. Her brief is difficult to decipher. It appears she believes the circuit court

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

did not consider her evidence, which resulted in her not receiving a fair trial. She also argues that some of the testimony at the trial was not credible, and she believes her eviction was retaliatory. This court affirms.

## I. BACKGROUND

¶2 This is Mary Mack's second appeal regarding her eviction from Mount Pleasant Manor Senior Housing Limited Partnership. In her first appeal, Mack argued that the circuit court failed to allow her "to present arguments and evidence at her eviction hearing[.]" *Mount Pleasant Manor Senior Hous. Ltd. P'ship v. Mack*, No. 2023AP2195, unpublished slip op., ¶1 (WI App May 8, 2024). We reversed and remanded for a new trial so that Mack could introduce her evidence and make her arguments. *Id.*, ¶8.

¶3 On remand, the circuit court held a new eviction trial in June 2024. Following that trial, the court determined that: "The eviction against Defendant Mary Mack was proper as to procedure and substance." It also dismissed Mack's counterclaims. Mack appeals.

## II. DISCUSSION

¶4 On appeal, the appellant—here Mack—bears the burden of showing that the circuit court erred. *See Gaethke v. Pozder*, 2017 WI App 38, ¶36, 376 Wis. 2d 448, 899 N.W.2d 381. It is also her "responsibility to ensure completion of the appellate record and 'when an appellate record is incomplete in connection with an issue raised by the appellant, we must assume that the missing material supports the trial court's ruling.'" *See State v. McAttee*, 2001 WI App 262, ¶5 n.1, 248 Wis. 2d 865, 637 N.W.2d 774 (citation omitted). Further, for this court to consider arguments, an appellant must sufficiently develop the argument. *See*

*ABKA Ltd. P'ship v. Board of Rev.*, 231 Wis. 2d 328, 349 n.9, 603 N.W.2d 217 (1999) ("This court will not address undeveloped arguments.").

¶5      While this court recognizes that Mack is pro se, she must still abide by the same rules as attorneys. *See Waushara County v. Graf*, 166 Wis. 2d 442, 452, 480 N.W.2d 16 (1992). An appellate judge cannot properly "serve as both advocate and judge[,]" *see State v. Pettit*, 171 Wis. 2d 627, 647, 492 N.W.2d 633 (Ct. App. 1992), and thus, it is inappropriate for this court to "abandon [its] neutrality to develop arguments" for Mack, *see Industrial Risk Insurers v. American Engineering Testing, Inc.*, 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82.

¶6      Mack claims the circuit court erred in not considering her evidence, that it made erroneous credibility determinations at trial, and that she did not receive a fair trial.[2] However, she failed to provide this court with a transcript from the June 2024 trial. Without a trial transcript, this court has no basis upon which to assess her claims and must assume that the circuit court did consider her evidence, made reasonable credibility determinations,[3] and provided Mack a fair

_____

[2] She also asserts that she was offered a $2500 "bribe" if she agreed not to attend a hearing. She cites to Record 56 in support. Record 56 is a seventeen-page document, but this court was able to locate (on page fourteen) what appears to be a January 2024 email correspondence between Mack and Attorney John D. Bennett from Atlanta, Georgia. The subject line references "Mack v. Aristea George" and "inadmissible settlement offer[.]" These emails seem to be tied to an administrative agency proceeding rather than to the circuit court trial underlying this appeal. They also plainly show that this money was offered to Mack to legally settle the matter, not as a bribe.

[3] This court's appellate functions do not include weighing the credibility of the various witnesses. *See Lang v. Lowe*, 2012 WI App 94, ¶16, 344 Wis. 2d 49, 820 N.W.2d 494. This court defers to a circuit court's credibility determinations. *See Cogswell v. Robertshaw Controls Co.*, 87 Wis. 2d 243, 250, 274 N.W.2d 647 (1979) ("the trial judge is the ultimate arbiter of the credibility of the witnesses").

trial. *See McAttee*, 248 Wis. 2d 865, ¶5 n.1. This court's review is limited to the Record before it. *See Pettit*, 171 Wis. 2d at 642. The lack of a transcript is fatal to Mack's appeal, and she cannot meet her burden of showing that the circuit court erred.[4]

¶7 Further, Mack's arguments are not well developed. She clearly believes that her eviction was unlawful; however, she fails to make a coherent legal argument in her briefs. Instead, after listing a variety of legal authority, she makes rambling, self-serving, and conclusory statements. Her appeal also fails on this basis. *See id.*[5]

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[4] This court also notes that Mack represented in her Statement on Transcript that: "All transcripts necessary for this appeal are already on file and satisfactory arrangements with the court reporter(s) for service of a copy of the transcript(s) on the other parties have been made." In her Reply brief, however, she changes her position and states she did not order the trial transcript because she "couldn't afford $2.75 per page." Whether she could afford the cost for a necessary transcript should have been raised earlier and cannot be raised for the first time in a Reply brief. *See State v. Reese*, 2014 WI App 27, ¶14 n.2, 353 Wis. 2d 266, 844 N.W.2d 396 ("[t]his court need not address arguments that are raised for the first time … in the [R]eply brief").

[5] To the extent this court has not addressed an argument Mack raised on appeal, the argument is deemed rejected. *See State v. Waste Mgmt. of Wis., Inc.*, 81 Wis. 2d 555, 564, 261 N.W.2d 147 (1978).